**MURPHY CORDIER PLC**
2025 North Third Street, Suite 200
Phoenix, Arizona 85004
Telephone: (602) 274-9000
Facsimile: (602) 795-5896

Richard B. Murphy (State Bar No. 015211)
    rich@mcattorneys.com
Michael A. Cordier (State Bar No. 014378)
    michael@mcattorneys.com
Chase E. Halsey (State Bar No. 023247)
    chase@mcattorneys.com

Sharmila Parkman, Esq.  (SBN 221579) (*Pro Hac Vice Pending*)
THE PARKMAN LAW FIRM
9845 Erma Road, Ste. 210B
San Diego, California 92131
Telephone (858) 453-5033
Facsimile (858) 453-0876
Email: srp@parkmanfirm.com

*Attorneys for CHDS, Inc. dba Curtis Drilling Co.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, for the use and benefit of CHDS, Inc., dba Curtis Drilling Co.,<br><br>            Plaintiff,<br><br>v.<br><br>Shipley Construction and Plumbing, a sole proprietorship; Argonaut Insurance Company, an Illinois corporation; and DOES 1 through 50 inclusive,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT OF CHDS, INC. ON MILLER ACT PAYMENT BOND (40 U.S.C. §§ 3131-3134)**<br><br>**JURY TRIAL REQUESTED** |

For its Complaint, Use Plaintiff CHDS, Inc. dba Curtis Drilling Co. ("CHDS") states and alleges as follows:

**GENERAL ALLEGATIONS**

1. Jurisdiction of this cause of action is conferred by 40 U.S.C. 3131 through 3134 (the "Miller Act").

2. Venue is proper in the United States District Court for the District of Arizona because the contracts for which the Miller Act payment bonds were issued were performed and the real property exists within this judicial district of the United States.

3. CHDS is and was at all times mentioned a California corporation organized by and existing by virtue of the laws of the State of California and maintaining its principal place of business in San Diego, California.

4. CHDS is informed and believes and thereupon alleges that Defendant Argonaut Insurance Company (hereinafter "Argonaut") is and at all times herein mentioned was a corporation organized under the laws of the State of Illinois and is authorized to transact business as a surety upon bonds or undertakings in the State of Arizona and is within the jurisdiction of this Court.

5. CHDS is informed and believes and thereupon alleges that Defendant Shipley Construction and Plumbing, is a sole proprietorship (hereinafter referred to as "Shipley") is and at all times herein mentioned a sole proprietorship organized under the laws of the State of California with its principal place of business in Yucca Valley, California, doing business in La Paz County, Arizona which is within the jurisdiction of this Court.

**FIRST CAUSE OF ACTION**

**(Miller Act Payment Bond)**

6. On or about September 13, 2010, the United States of America, the U.S. Department of the Interior, Bureau of Reclamation, Lower Colorado Region, awarded

2

Shipley a contract for a project and location designated Contract No. 190278DPW-MULE WASH, for the construction of sediment control structures and improvements in the Mule Wash area in La Paz County, Arizona (hereafter referred to as the "Prime Contract").

7.  Pursuant to the Prime Contract Shipley, as principal, and Argonaut, as surety, executed and delivered a certain payment bond in penal sum required by law, whereby Argonaut guaranteed the payment to all persons supplying labor and material in the prosecution of the work provided in furtherance of the Prime Contract and any and all duly requested and/or authorized modifications thereof. The bond was executed and delivered in accordance with the provisions of 40 U.S.C. 3131 through 3134 (the Miller Act). A copy the bond is attached hereto as **Exhibit "A"** and made of part hereof.

8.  Thereafter, and during the performance and prosecution of the work provided for the Prime Contract, CHDS entered into a written subcontract agreement with Shipley in the amount of $73,830.00 for the performance and prosecution of a part of the work prescribed in the Prime Contract between Shipley and the United States of America. A copy of the subcontract is attached hereto as **Exhibit "B"** and made a part hereof.

9.  During the course of the performance and prosecution of the public work, and under the Prime Contract between Shipley and the United States of America, and the subcontract, CHDS performed certain earth drilling work and related and incidental work required and designated under the Prime Contract to be accomplished, and other like labor, materials, and equipment including extras and change orders in the prosecution of the work.

10. CHDS has performed each condition, covenant and promise upon its part to be performed under the subcontract and changes thereto requested by the United States Government and Shipley, or such performance has been excused or waived.

11. The labor, material, and equipment furnished by CHDS in the prosecution of the subcontract, plus extras, change orders and extended overhead and delay costs, is

3

reasonably worth the sum of $73,830.00. Of that sum, the amount of $45,000.00 has been paid, and there is an outstanding balance due to CHDS for said work or services in the amount of $28,330.00.

12. Demand for payment of said sums has been made on Shipley, as principal, and upon Argonaut, as surety. Notwithstanding said demand, Argonaut and Shipley have jointly and severally refused to pay all or part of said sum.

13. As a proximate result of Shipley's failure to pay when due the value of the contract and extra work performed by CHDS, CHDS has suffered damages in the amount of $28,330.00, or other amount according to proof at trial, plus interest at the legal rate on that sum from the date such payment was due and owing, the exact date of which is unknown at this time. CHDS will amend this complaint when such date is ascertained upon leave of court to do so.

14. The work performed by CHDS under the subcontract was last performed less than one year from the date of the filing of this complaint, the last of which was performed on or about December 17, 2019.

15. A period of 90 days has now elapsed since CHDS last provided labor, services, materials, equipment or supplies to Shipley for inclusion in the Project.

16. CHDS is informed and believes and thereupon alleges that the subcontract between Shipley and CHDS contained a clause entitling the prevailing party in any action to be awarded reasonable attorneys' fees. CHDS therefore believes under existing case law and/or statute that it is entitled to its reasonable attorneys' fees for prosecuting this action against Defendants Argonaut and Shipley.

17. CHDS is informed and believes and thereupon alleges that it is entitled under the federal statute known as the Prompt Payment Act and codified as Federal Acquisition Regulation F.A.R. 52.232-27 to interest and penalties for late payment in an amount to be determined at trial.

# PRAYER FOR RELIEF

WHEREFORE, CHDS prays for judgment as follows:

1. For damages in the sum of $28,330.00, together with interest thereon at the legal rate from the date(s) due, to be ascertained by the Court;

2. For interest and penalties for late payment as so authorized by the Prompt Payment Act, as provided in Federal Regulation F.A.R. 52.232-27;

3. For reasonable attorneys' fees and costs of suit incurred herein according to statute, agreement, or applicable case law; and

4. For such other and further relief as the Court may deem just and proper.

DATED this 15th day of December 2020.

**MURPHY CORDIER PLC**

By: */s/ Richard B. Murphy*
    Richard B. Murphy
    Michael A. Cordier
    Chase E. Halsey
    *Attorneys for Plaintiff CHDS, Inc., d/b/a Curtis Drilling Co.*

**THE PARKMAN LAW FIRM**

Sharmila Parkman (*Pro Hac Vice Pending*)
*Attorneys for Plaintiff CHDS, Inc., d/b/a Curtis Drilling Co.*

5

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| Plaintiff(s): **United States of America** | Defendant(s): **Shipley Construction and Plumbing ; Argonaut Insurance Company** |
| County of Residence: Outside the State of Arizona | County of Residence: Outside the State of Arizona |
| County Where Claim For Relief Arose: La Paz | |
| Plaintiff's Atty(s): **Richard B Murphy** **Murphy Cordier PLC** **2025 N 3rd St Ste 200** **Phoenix, Arizona 85004-1488** **16022749000** | Defendant's Atty(s): |

II. Basis of Jurisdiction:     1. U.S. Government Plaintiff

III. Citizenship of Principal Parties **(Diversity Cases Only)**
          Plaintiff:- **N/A**
          Defendant:- **N/A**

IV. Origin :     1. Original Proceeding

V. Nature of Suit:     130 Miller Act

VI. Cause of Action:     40 U.S.C. 3131-3134

VII. Requested in Complaint
      Class Action: **No**
      Dollar Demand: **28,330.00**
      Jury Demand: **Yes**

VIII. This case **is not related** to another case.

Signature:     **Richard B. Murphy**

**Date:** <u>12/15/2020</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

**Revised: 01/2014**

# EXHIBIT "A"

| Premium: Included in the Performance Bond | | Bond No.: CMGP0002672 |
|---|---|---|
| **PAYMENT BOND** (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract)  10/3/2019 | OMB Control Number: 9000-0045  Expiration Date: 8/31/2022 |

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

SHIPLEY CONSTRUCTION AND PLUMBING
5075 Redding
Yucca Valley, CA 92284

**TYPE OF ORGANIZATION** ("X" one)

[X] INDIVIDUAL   [ ] PARTNERSHIP   [ ] JOINT VENTURE
[ ] CORPORATION   [ ] OTHER (Specify)

STATE OF INCORPORATION

**SURETY(IES)** (Name(s) and business address(es))

Argonaut Insurance Company
P.O. Box 469011
San Antonio, TX 78246

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 000 | 217 | 330 | 00 |

| CONTRACT DATE | CONTRACT NUMBER |
|---|---|
| / / | 140R3019P0078 |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

| SIGNATURE(S) | 1.              (Seal) | 2.              (Seal) | 3.              (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| SIGNATURE(S) | 1.              (Seal) | 2.              (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | NAME & ADDRESS | Argonaut Insurance Company  P.O. Box 469011, San Antonio, TX 78246 | STATE OF INCORPORATION  Illinois | LIABILITY LIMIT  $217,330.00 | |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. [signature] | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. Stephanie Hope Shear, Attorney-in-fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

**STANDARD FORM 25A (REV. 8/2016)**
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

## CORPORATE SURETY(IES) *(Continued)*

| | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Bond No.: CMGP0002672                                                                 Premium: $5,347.00

# Argonaut Insurance Company
### Deliveries Only: 225 W. Washington, 24th Floor
### Chicago, IL 60606
### United States Postal Service: P.O. Box 469011, San Antonio, TX 78246

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That the Argonaut Insurance Company, a Corporation duly organized and existing under the laws of the State of Illinois and having its principal office in the County of Cook, Illinois does hereby nominate, constitute and appoint:

Gabriella Grady, Shilo Lee Losino, Stephanie Hope Shear, Elizabeth Santos, Latanya Taylor, Stacey Garcia

Their true and lawful agent(s) and attorney(s)-in-fact, each in their separate capacity if more than one is named above, to make, execute, seal and deliver for and on its behalf as surety, and as its act and deed any and all bonds, contracts, agreements of indemnity and other undertakings in suretyship provided, however, that the penal sum of any one such instrument executed hereunder shall not exceed the sum of:

$15,000,000.00

This Power of Attorney is granted and is signed and sealed under and by the authority of the following Resolution adopted by the Board of Directors of Argonaut Insurance Company:

"RESOLVED, That the President, Senior Vice President, Vice President, Assistant Vice President, Secretary, Treasurer and each of them hereby is authorized to execute powers of attorney, and such authority can be executed by use of facsimile signature, which may be attested or acknowledged by any officer or attorney, of the Company, qualifying the attorney or attorneys named in the given power of attorney, to execute in behalf of, and acknowledge as the act and deed of the Argonaut Insurance Company, all bond undertakings and contracts of suretyship, and to affix the corporate seal thereto."

IN WITNESS WHEREOF, Argonaut Insurance Company has caused its official seal to be hereunto affixed and these presents to be signed by its duly authorized officer on the 8th day of May, 2017.

Argonaut Insurance Company

by: _____

Joshua C. Betz , Senior Vice President

STATE OF TEXAS
COUNTY OF HARRIS  SS:

On this 8th day of May, 2017 A.D., before me, a Notary Public of the State of Texas, in and for the County of Harris, duly commissioned and qualified, came THE ABOVE OFFICER OF THE COMPANY, to me personally known to be the individual and officer described in, and who executed the preceding instrument, and he acknowledged the execution of same, and being by me duly sworn, deposed and said that he is the officer of the said Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and the said Corporate Seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said corporation, and that Resolution adopted by the Board of Directors of said Company, referred to in the preceding instrument is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand, and affixed my Official Seal at the County of Harris, the day and year first above written.



(Notary Public)

I, the undersigned Officer of the Argonaut Insurance Company, Illinois Corporation, do hereby certify that the original POWER OF ATTORNEY of which the foregoing is a full, true and correct copy is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand, and affixed the Seal of said Company, on the __3rd__ day of _____October_____, 2019.



James Bluzard , Vice President-Surety

**THIS DOCUMENT IS NOT VALID UNLESS THE WORDS ARGO POWER OF ATTORNEY ARE IN BLUE.  IF YOU HAVE QUESTIONS ON AUTHENTICITY OF THIS DOCUMENT CALL (210) 321 - 8400.**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**   CIVIL CODE § 1189

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California   )
County of LOS ANGELES   )

On  OCT 0 3 2019  before me, SHIRLEY GIGGLES, NOTARY PUBLIC ,
　　　　Date　　　　　　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared  STEPHANIE HOPE SHEAR
　　　　　　　　　　　　　　Name(s) of Signer(s)

,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
　　　　　　Signature of Notary Public

[Notary Seal: SHIRLEY GIGGLES, Notary Public - California, Los Angeles County, Commission # 2163817, My Comm. Expires Sep 7, 2020]

Place Notary Seal Above

——————— OPTIONAL ———————
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

EXHIBIT "B"

  

Job # _____

A BUSINESS OF C.H.D.S INC.
CALIFORNIA LICENSE NO. 624663
DIR #    1000006928

# ESTIMATE

| **TO:** | Shipley Construction | **PROJECT NAME:** | Mule Wash |
| --- | --- | --- | --- |
| **ATTN:** | Keith Johnson | **ADDRESS:** | Near Blythe & AZ Border |
| **OFFICE:** | 971-285-0293 | | |
| **FAX:** | | **DATE:** | November 8, 2019 |
| **EMAIL:** | keithjohnson_1@msn.com | **QUOTE#:** AZ-1108-T | **BY:** Thomas |

### DRILLING (HOURLY RATES):

| LINE# | QTY | DESCRIPTION | PRICE | U/M | SUBTOTAL |
| --- | --- | --- | --- | --- | --- |
| #1 | 8 | Drill with operator and oiler (8hr minimum per day) | $695.00 | HR | $5,560.00 |
| #2 | 1 | Mobilization | $15,450.00 | EA | $15,450.00 |
| #3 | | | | | |

### BID CONSIDERATIONS:

1) The above estimate includes equipment, labor, materials and applicable taxes with the **ABI Vibratory rig**
2) Quote is based on assumed open/flat access for the above drill
3) Drill the above hole at the hourly rate stated above with a (8) hour minimum.
4) Hourly rates are quoted for normal drilling/driving conditions unless otherwise stated as "Obstruction Drilling" which will be charged at hourly obstruction rate
5) **Price is quoted under AZ Davis Bacon wage rates**
6) Flat, level access and benches (if required) to be provided by others prior to mobilization.

# TERMS AND CONDITIONS:

### CURTIS DRILLING RESPONSIBILITY
1) Maintain and provide upon request current active contractor's license as required by law.
2) Provide certificates of insurance upon request by customer with limits as stated below.
3) Maintain and provide upon request annual OSHA trenching and excavating permit.

### CONTRACTORS RESPONSIBILITY
1) Have all drill locations marked and accessible prior to arrival and set up on site. Field engineering and drill shaft locations marked center stakes and off sets ready prior to and during drilling so layout is maintained.
2) Tests and inspections, special permits, dig alert, bonds to be accomplished by contractor, unless otherwise quoted in writing.
3) Site preparation/restoration to be done by others including benching if required.
4) Locate and remove all known utilities, whether overhead or underground (if applicable).
5) Provide traffic control, including barricades and/or flagmen, if required.
6) Provide marked grade elevation to top of concrete/steel reinforcement if required.
7) Provide asphalt/concrete cutting for foundations in asphalt or concrete areas.
8) Immediately advise Curtis Drilling's office verbally and follow up, in writing, if customer, for any reason, wishes to stop drilling prior to completion of job. Labor and/or machine standby charges may apply.
9) Hole covering security per OSHA codes upon completion of shaft and/or until fall hazard does not exist.
10) Spoils removal to be handled by others (unless otherwise noted)
11) Access to onsite water source (if necessary) to be provided within 100' of drilling locations

### TERMS AND CONDITIONS
1) NO OTHER AGREEMENT: Except as specifically stated in writing, any contract signed by C.H.D.S., Inc. will automatically include our bid proposal's terms and conditions and be made an attachment or appendix to the contract. This addition supersedes all other agreements or understandings, written or oral, to contractors subcontract with C.H.D.S., Inc. unless initialed by C.H.D.S., Inc.
2) LESSEE AGREEMENT: Customer agrees Curtis Drilling's employee's, are under Customer's exclusive jurisdiction, supervision, and control. Customer/lessee agrees to indemnify and save Curtis Drilling, its employees, and agents harmless from all claims, active or passive; customer shall not be obligated to indemnify curtis drilling for any claims arising from the sole negligence or willfull misconduct of Curtis Drilling, its employees, or agents.
3) UTILITIES WAIVER: It is the sole responsibility of the lessee or renter to follow the requirements of the regional Dig Alert notification center law pursuant to Article 2 (commencing with Section 4216) of Chapter 3.1 of Division 5 of Title 1 of the Government Code. By signing this contract, the lessee or renter accepts all liabilities and responsibilities contained in the regional notification center law.
4) EXCUSE OF PERFORMANCE: Any prevention, delay or stoppage due to strikes, lockouts, labor disputes, acts of God, inability to obtain labor or materials or reasonable substitutes therefore, governmental action, domestic or foreign, riot, civil commotion, fire and other casualty, and all other causes beyond the reasonable control of Curtis Drilling shall execute Curtis Drilling's performance for a period equal to such prevention.
5) PRICING: If both quoted and hourly pricing is given, CHDS Inc. must receive in writing the chosen payment option. If no option is chosen CHDS Inc. will have the option at its discretion.
6) PREVAILING LABOR WAGES: All pricing should be considered quoted as noted in additional scope included section on the first page of this proposal.

### PAYMENT
1) This above price for work is based upon facts with or without soils reports. Additional change orders or work including obstructions or delays are the decisions of you, our customer, or your onsite representatives. The ultimate responsibility for payment for all work under your directions by Curtis Drilling is contractors and cannot be diminished by contractor's agreement with owner or general contractor.
2) Curtis Drilling's work tickets are to be reconciled and executed daily, by a qualified representative. Payment to be made, in full, no retention withheld promptly, within 30 days or less within the invoice date unless otherwise noted. Retention up to 10% to be held if applicable within contract between owner and general contractor.

## ACKNOWLEDGEMENT TERMS AND CONDITIONS (CONT):

**INSURANCE**

1) Additional Insured & Waiver of subrogation available upon request at no additional charge for general liability and workman comp. Additional insured and waiver of subrogation on automobile liability available if needed, may incur additional charges in addition to the quoted price. Any other higher limits or additional endorsements will be an entire cost to be determined at time of request.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | COMMERCIAL GENERAL LIABILITY [X] CLAIMS-MADE [X] OCCUR [X] BI/PD DED 5,000 | X | X | LA18CGL019537IC | 10/01/2018 | 10/01/2019 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $100,000 |
| | | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [X] POLICY [X] PROJECT [ ] LOC | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| B | AUTOMOBILE LIABILITY [X] ANY AUTO [ ] OWNED AUTOS ONLY [ ] SCHEDULED AUTOS [X] HIRED AUTOS ONLY [X] NON-OWNED AUTOS ONLY | | | BAP 1062992-00 | 10/01/2018 | 10/01/2019 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | |
| | | | | | | | BODILY INJURY (Per accident) | |
| | | | | | | | PROPERTY DAMAGE (Per accident) | |
| | | | | | | | COMP/COLL | 2,500/2,500 |
| A | [X] UMBRELLA LIAB [X] OCCUR [X] EXCESS LIAB [ ] CLAIMS-MADE [ ] DED [ ] RETENTION $ | | | LA18EXC797543IC | 10/01/2018 | 10/01/2019 | EACH OCCURRENCE | $8,000,000 |
| | | | | | | | AGGREGATE | $8,000,000 |
| B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) Y/N If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | WC 1062991-00 | 10/01/2018 | 10/01/2019 | [X] PER STATUTE [ ] OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| C | Rented/Leased Equipment | | | 6049671110 | 10/01/2018 | 10/01/2019 | Limit | 650,000 |
| | | | | | | | Ded | 2,500 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
RE: PROOF OF INSURANCE

**CLARIFICATIONS:**

1) Price quoted for normal working hours being 5:00 a.m.-6:00 p.m. Monday through Friday. Any night or weekend work unless agreed upon in writing prior will be charged extra per hour as overtime and double time depending the particular hours of operation.
2) CHDS Inc. is a non-union operating company with no affiliation to any unions. CHDS Inc. will pay prevailing/certified and or union scale if specified per agreed contract documents.

**ADDITIONAL CHARGES & DELAYS**

1) All delays/standby occurred by C.H.D.S. INC. through no fault of our own or the removal of any obstruction as defined by the International Association of Foundation Drilling. (ADSC), and the U.S. Department of Transportation (CALTRANS) will be extra work and charged accordingly at the quoted hourly rate.
2) Cancelations or delays after C.H.D.S. INC. crews have been dispatched to project location will result in a mobilization charge and a 4 hour minimum Delay/ Standby rate charge
3) Delay / Standby rate for this project will be charged at the hourly rate of    **$695.00**  / HR   for operator and machine. Additional manpower or equipment onsite may incur additional hourly standby rate.

**OBSTRUCTIONS**

1) Any material which cannot be drilled continuously under normal conditions with a conventional Earth auger or soil conditions that requires the use of special core barrels will be an obstruction for the drill shaft from initial contact with the obstruction for any purpose. Continuous normal rate to be determined by and at Curtis Drilling sole discretion.
2) Obstruction rate for this project will be charged at the premium hourly rate of:    **$795.00**  / HR  , plus any drill teeth used.

**ACCEPTANCE OF QUOTATION**

1) Upon notifying Curtis Drilling that you wish to proceed with the quoted scope, this quotation/acknowledgement must be signed by the Owner or Corporate Officer and returned promptly prior to scheduling. This may be supplanted by a PO that references this proposal or a subcontract to be executed by both parties. Curtis Drilling will also require a copy of the project Preliminary information prior to scheduling.
2) All quotations are good for (30) days from date shown, unless otherwise specified.

**DATE ACCEPTED:** 11-13-2019          **ACCEPTED BY:** *Keith Johnson*

**POSITION:** Project Manager             **PRINT NAME:** Keith Johnson